UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

BRETT WILKINSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
DUDLEY EWALD, tax # 943216, POLICE OFFICER
RAYMOND HIGGINS, tax # 941338, POLICE
OFFICERS JOHN DOES 1-5,

Defendants.

------------------------------------------------------------------------ x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N Y

★ NOV 1 5 2010 ★
**ORIGINAL**
**BROOKLYN OFFICE**

**COMPLAINT**
**10** **5242**

Jury Trial Demanded
**COGAN, J.**

## PRELIMINARY STATEMENT

1.     Plaintiff brings this civil rights action against the City of New York and

several New York City Police Officers of the 70th Precinct in Brooklyn. Plaintiff alleges that

defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United

States Constitution, and New York State law by falsely arresting him for a narcotics offense,

using excessive force on him, and illegally strip searching him on September 23, 2010. Plaintiff

seeks compensatory and punitive damages, attorney's fees and costs, and such other and further

relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth

Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York State law claims of false arrest, assault and battery.

4. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 30 days of the incident at issue, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

**PARTIES**

6. Plaintiff is a United States citizen who resides in Brooklyn. Plaintiff is employed as a building superintendent at 825 Crown Street and at 135 Albany Avenue in the Crown Heights section of Brooklyn.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Dudley Ewald, Raymond Higgins and John Does 1-5 are New York City Police Officers employed in the 70th Precinct. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

2

## STATEMENT OF FACTS

9.     On September 23, 2010, at approximately 11:00 p.m., in the vicinity of 354 East 21st Street in Brooklyn, plaintiff was walking with his friend Shakim Carr to Carr's automobile so that Carr could drive him to his home at 825 Crown Street.

10.    At the above date and place, the defendants -- New York City Police Officers of the 70th Precinct -- falsely arrested plaintiff and illegally searched him.

11.    The officers did not find anything illegal on plaintiff.

12.    At the time that plaintiff was arrested, he was not wanted for a crime, he had not committed a crime and he was not acting in a suspicious manner.

13.    In the course of arresting plaintiff, the defendants, acting in concert, intentionally handcuffed plaintiff excessively tight causing him to suffer pain and bruising for several days.

14.    Some of the defendants took plaintiff to the 70th Precinct.

15.    In the precinct, defendant Officer Ewald brought plaintiff into a bathroom to illegally strip search him.

16.    There was no basis to strip search plaintiff because plaintiff had not committed a crime and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

17.    Because plaintiff verbally objected the intrusive search, one of the defendants, a white officer in uniform, punched plaintiff hard in the stomach causing plaintiff to suffer pain and loss of breath.

3

18.     Officer Ewald left the bathroom door open during the strip search which enabled several inmates and officers, including women, to observe the search.

19.     Officer Ewald ordered plaintiff to remove all of his clothes and to spread his buttocks.

20.     Officers Ewald did not find anything illegal on plaintiff.

21.     Some or all of the other defendants knew that plaintiff was going to be illegally strip searched but they failed to intervene.

22.     While plaintiff was confined in the precinct, his designated "arresting officer," Officer Ewald, misrepresented in police reports that plaintiff was observed possessing and selling a controlled substance.

23.     The other defendants knew that Officer Ewald was drafting police reports containing false information but they failed to intervene to protect plaintiff by, for example, reporting the matter to a supervisor.

24.     On September 24, 2010, at approximately 9:30 a.m., police officers took plaintiff to Brooklyn Central Booking

25.     Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, extremely cold, filthy, unsanitary, and infested with rodents and roaches. The toilets were covered in feces and urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

26.     While plaintiff was in Brooklyn Central Booking, Officer Ewald misrepresented to the Kings County District Attorney's Office that plaintiff was observed possessing and selling a controlled substance.

4

27.     The other defendants knew that Officer Ewald was going to attempt to commence a bogus prosecution against plaintiff, but they failed to intervene to protect plaintiff by, for example, reporting the matter to an NYPD supervisor or to the Kings County District Attorney's Office.

28.     On September 24, 2010, at approximately 6:00 p.m., plaintiff was released from custody because the District Attorney's Office declined to prosecute him.

29.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated from approximately 11:00 p.m. on September 23 to approximately 6:00 p.m. on September 24 and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and an invasion of privacy. Plaintiff also suffered pain and bruising that lasted for several days as a result of defendants' use of force.

## FIRST CLAIM

## (FALSE ARREST UNDER FEDERAL LAW)

30.     Plaintiff repeats the foregoing allegations.

31.     At all relevant times, including September 23, 2010, plaintiff did not commit a crime or violation, he was not wanted for a crime, and no law enforcement officer observed him acting in a manner which gave rise to probable cause.

32.     Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

33.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for falsely arresting him or for failing to prevent his false arrest.

5

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

34.     Plaintiff repeats the foregoing allegations.

35.     At all relevant times, including September 23, 2010, plaintiff did not commit a crime or violation, he was not wanted for a crime, and no law enforcement officer observed him acting in a manner which gave rise to probable cause.

36.     Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

37.     Accordingly, defendants are liable to plaintiff under New York State law for falsely arresting him for failing to prevent his false arrest.

## THIRD CLAIM

### (UNREASONABLE FORCE UNDER FEDERAL LAW)

38.     Plaintiff repeats the foregoing allegations.

39.     Defendants' use of force upon plaintiff or failure to intervene, as described herein, was objectively unreasonable and caused plaintiff pain and bruising.

40.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him or for failing to prevent the use of unreasonable force.

## FOURTH CLAIM

### (ASSAULT UNDER STATE LAW)

41.     Plaintiff repeats the foregoing allegations.

42.     Defendants' use of force on and strip search of plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured plaintiff.

6

43.     Accordingly, defendants are liable to plaintiff under New York State law for assault.

## FIFTH CLAIM

### (BATTERY UNDER STATE LAW)

44.     Plaintiff repeats the foregoing allegations.

45.     Defendants' use of force on and strip search of plaintiff were offensive and nonconsensual physical contacts which injured plaintiff.

46.     Accordingly, defendants are liable to plaintiff under New York State law for battery.

## SIXTH CLAIM

### (ILLEGAL STRIP SEARCH UNDER FEDERAL LAW)

47.     Plaintiff repeats the foregoing allegations.

48.     The strip search of plaintiff in the 70th Precinct was illegal because plaintiff had not committed a crime, because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes and because it was not conducted in private.

49.     Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him or for failing to prevent the strip search.

## SEVENTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

50.     Plaintiff repeats the foregoing allegations.

51.     Defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested, assaulted and battered plaintiff.

52.     The City of New York is therefore vicariously liable to plaintiff under New York State law for false arrest, assault and battery.

## EIGHTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

53.     Plaintiff repeats the foregoing allegations.

54.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

55.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

56.     In fact, defendant Ewald is presently being sued for civil rights violations in *Leroy Whitley v. City of New York, et al.*, 08 CV 4202 (E.D.N.Y.).

57.     Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

58.     In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities like plaintiff, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

8

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and

severally against the defendants:

        a.     Compensatory damages in an amount to be determined by a jury;

        b.     Punitive damages in an amount to be determined by a jury;

        c.     Attorney's fees and costs;

        d.     Such other and further relief as the Court may deem just and proper.

DATED:     November 9, 2010
              Brooklyn, New York

                                       RICHARD J. CARDINALE
                                       Attorney at Law
                                       26 Court Street, Suite 1815
                                       Brooklyn, New York 11242
                                       (718) 624-9391